1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GEORGE CHRISTY,                        )
                                       )
            Petitioner,                )
                                       )
      v.                               )        3:13-cv-00681-RCJ-WGC
                                       )
ISIDRO BACA et al.,                    )        **ORDER**
                                       )
            Respondents.               )
_____)

13    Petitioner has filed a Petition in this Court challenging his conviction for drunken driving in

14 the First Judicial District Court of Nevada.  Petitioner did not appeal his conviction, but he filed a

15 state petition for post-conviction relief in the Second Judicial District Court of Nevada that was

16 denied and appealed to the Nevada Supreme Court.  Petitioner does not allege the current disposition

17 of his state post-conviction petition in the Nevada Supreme Court.[1]  Petitioner does not bring his

18 Petition under 28 U.S.C. § 2254, but rather asks the Court to rule under Federal Rule of Civil

19 Procedure 60(b)(4) that the state court's judgment of conviction is void because the state court that

20 convicted him had no subject matter jurisdiction over the criminal offense.  The Petition is denied for

21 lack of subject matter jurisdiction.  This Court has no appellate jurisdiction to review state court

22 rulings. *See, e.g.*, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–79 (1983); *Rooker v. Fid.*

23 *Trust Co.*, 263 U.S. 413, 415–16 (1923).  The Court could potentially have original jurisdiction over

24 the present matter under § 2254, but Petitioner has explicitly declined to invoke that statute.  A

25 § 2254 petition would be barred in any case, because Petitioner admits he failed to seek direct review

26 of his conviction in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A).  Even assuming that the claims

27 could be viewed as exhausted due to the post-conviction proceedings, despite not having been

28

_____

[1]The public records indicate that the Nevada Supreme Court issued its remittitur as to the denial
of Petitioner's appeal of his state post-conviction relief petition on November 9, 2012.

directly appealed, a § 2254 petition would be barred according to the one-year statute of limitations under § 2244(d)(1)(A), because Petitioner's conviction became final on June 3, 2010, which was the last day to file a direct appeal under Nevada Appellate Rule 4(b)(1)(A) (thirty days after the May 4, 2010 judgment of conviction), and Petitioner did not file the present Petition until over three years later.

## CONCLUSION

IT IS HEREBY ORDERED that the Application to Proceed *in Forma Pauperis* (ECF No. 1) is GRANTED, the Petition is DENIED, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 18th day of November, 2014.

ROBERT C. JONES
United States District Judge